# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MITCHELL ADAM CHIRCHICK,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.,*

    *Respondents.*

2:10-cv-00745-GMN-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. Although no receipt was filed in the record, the Court's accounting records reflect that the filing fee was paid on or about June 22, 2010.

    The instructions for the Court's petition form further require that petitioner attach copies of all state court decisions regarding the conviction. Petitioner attached a copy of a federal court order dismissing a prior federal petition without prejudice for lack of exhaustion. He did not attach copies of any state court written decisions regarding his conviction, as required by the instructions on the form. The Court will direct petitioner to do so and further will direct petitioner to attach additional state court materials relevant to initial review in this case.

    The statement of the claims in the petition further lacks the specificity required under Habeas Rule 2(c). Habeas pleading is not notice pleading, and a habeas petitioner instead must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, conclusory assertions that merely constitute formulaic

recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). The habeas pleading rules require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

Petitioner's allegations in Grounds 1 through 6 fail to state sufficiently specific habeas claims upon which relief may be granted. Petitioner must allege far more than the sparse few lines alleged in support of each claim. His cryptic allegations do not permit the Court to infer more than the mere possibility that a constitutional violation has occurred because he provides little, if any, factual context that would give meaning to his sparse allegations. If petitioner does not allege specific facts supporting his claims, the petition will be dismissed for failure to state a claim.

The Court will give petitioner an opportunity to file an amended petition stating sufficiently specific constitutional claims. In filing an amended pleading, petitioner shall set forth each claim on a separate page. He further shall set forth his responses to the exhaustion inquiries for each claim on a separate page. In other words, petitioner shall not "squeeze together" Grounds 3 through 6 and their associated exhaustion-inquiry pages as he did in the original petition.

IT THEREFORE IS ORDERED that on or before **May 31, 2011**, petitioner shall file an amended petition on the Court's required Section 2254 petition form that remedies the deficiencies identified in this order.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:10-cv-00745-GMN-RJJ**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only

1  matters remaining before the Court.  Any claims or allegations that are left out of the
2  amended petition or that are not re-alleged therein no longer will be before the Court.
3       IT FURTHER IS ORDERED that petitioner shall attach with the amended petition
4  copies of the following: (a) the judgment of conviction; (b) any motion seeking resentencing;
5  (c) any and all written orders issued deciding the claims raised in the motion, in both the state
6  district court and state supreme court; (d) any motion to withdraw plea; (e) any and all written
7  orders deciding the claims raised in the motion; (f) any and all other state court motions,
8  appeals, or petitions filed by petitioner seeking to challenge the conviction and/or sentence,
9  and all state court written decisions regarding same; and (g) all remittiturs issued in
10 connection with the foregoing proceedings.
11      This action will be dismissed without further advance notice if petitioner fails to both
12 fully and timely comply with this order.
13      The Clerk of Court shall send petitioner – taking into account the number of claims
14 presented – three copies of a noncapital Section 2254 petition form with one copy of the
15 instructions for same along with a copy of the petition that he submitted.
16      DATED this 27th day of April, 2011.

                                                            _____
                                                            Gloria M. Navarro
                                                            United States District Judge