# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MITCHELL ADAM CHIRCHICK,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-00745-GMN-RJJ

ORDER

    This closed habeas matter comes before the Court on petitioner's motion (#8) for reconsideration, styled as a petition for rehearing, which was filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

    In the original petition herein, petitioner Michell Chirchick sought to challenge his 2008 Nevada state conviction, pursuant to an *Alford* plea, of three counts of theft by obtaining money in excess of $2500 by material misrepresentation.

    In an April 27, 2011, order, the Court found that the original petition failed to allege claims with sufficient specificity to state a claim for relief. The Court gave petitioner an opportunity to file an amended petition stating sufficiently specific claims for relief. The Court further directed petitioner to attach copies of additional state court record materials required by the petition form and/or relevant to further screening. The order stated that "[t]his action will be dismissed without further advance notice if petitioner fails to fully and timely comply with this order."

    No amended petition was filed thereafter. Accordingly, on January 24, 2012, final judgment was entered dismissing the action without prejudice.

1  Petitioner thereafter moved for reconsideration on the ground that he never received
2 the April 27, 2011, order in the first instance. He stated in the unsworn motion: "I was never
3 called, nor does my signature appear in the legal mail ledger," referring to the legal mail log
4 or ledger at the Southern Desert Correctional Center ("Southern Desert") prison law library.
5 See #8.
6  The Court directed respondents to respond to the motion and provide either an
7 appropriately redacted copy of the relevant portion of the prison mail log or a declaration by
8 the records custodian that there were no relevant entries in the log.
9  The mail log reflects that petitioner Mitchell Chirchick signed for legal mail from the
10 Clerk of this Court received on May 3, 2011, only six days after the April 27, 2011, order in
11 question. Mr. Chirchick had no then-pending open matters on the docket of this Court in
12 which the Clerk transmitted a filing other than this action.
13  Petitioner has not filed a reply to the respondents' response within the time allowed by
14 the Court's prior order. See #10, at 2.
15  It thus appears that petitioner's statement to this Court that he did not sign for receipt
16 of a copy of the Court's April 27, 2011, order is belied by the prison law library mail log, which
17 reflects instead that he did so.
18  The motion for reconsideration therefore will be denied.
19  When a litigant makes a false statement to the Court, limited judicial resources are
20 needlessly wasted, as well as those of the adverse parties called upon to respond. The fact
21 that petitioner lied to the Court in an unsworn motion does not insulate him from possible
22 penalty.
23  Under major violation MJ48 of the Nevada state corrections department's
24 administrative regulations, a major violation may be committed by the following:

25 Any violation of the Rules of Court, contempt of court,
submission of forged or otherwise false documents, submissions
26 of false statements, violations of Rules of Civil Procedure and/or
receiving sanctions and/or warnings for any such actions from
27 any court. Although not necessary for disciplinary purposes, any
Order from any court detailing such action shall be sufficient
28 evidence for disciplinary purposes.

-2-

1  Lying to a court, again, wastes limited resources. It will not be tolerated by this Court.
2  The Court will direct respondents' counsel to file a notice within fourteen days of entry of this
3  order that the matter has been referred to the appropriate officers within the state corrections
4  department for investigation of a possible violation of MJ48. Nothing in this order precludes
5  state authorities from pursuing other appropriate sanctions based upon the record in this
6  matter over and above those available for a violation of MJ48.

7  IT IS THEREFORE IS ORDERED that petitioner's motion (#8) for reconsideration is
8  DENIED.

9  IT FURTHER IS ORDERED that, within **fourteen (14) days** of entry of this order,
10 respondents' counsel shall file a notice that the matter has been referred to the appropriate
11 officers within the state corrections department for investigation of a possible violation of
12 MJ48.

13  DATED this 17th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge