# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MITCHELL ADAM CHIRCHICK,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-00745-GMN-RJJ

ORDER

This closed habeas matter comes before the Court on petitioner's motion (#17) for an emergency temporary restraining order (TRO) and further following upon the filing of an untimely notice of appeal (#18).

### *Background*

Petitioner Mitchell Chirchick sought to challenge his 2008 Nevada state conviction, pursuant to an *Alford* plea, of three counts of theft by obtaining money in excess of $2500 by material misrepresentation. The Court found that the petition failed to state a claim for relief and gave petitioner an opportunity to amend. After he failed to respond, the Court dismissed the action without prejudice.

Petitioner thereafter moved for reconsideration on the ground that he did not receive the Court's screening order. He stated that he did not sign for the order in the prison law library mail log. The Court directed respondents to respond with a redacted copy of the relevant portion of the mail log. The mail log reflected that petitioner signed for legal mail from the Clerk of this Court received only six days after the order in question. Petitioner had no then-pending open matters on the docket of this Court in which the Clerk transmitted a filing other than this action.

Petitioner thereafter did not file a reply to respondents' response.

The Court accordingly denied the motion for reconsideration. The Court further noted that making such a false statement needlessly wastes limited judicial resources. It directed respondents' counsel to file a notice that the matter has been referred to the appropriate officers within the state corrections department for investigation of a possible violation of correctional major violation MJ48.[1]

### *TRO Motion*

Petitioner now seeks a temporary restraining order precluding state correctional officials from imposing disciplinary sanctions based upon a MJ48 violation, asserting that he will be irreparably injured by the imposition of such sanctions.

Petitioner will have to challenge any disciplinary sanctions imposed through other state or federal proceedings as appropriate to the claim raised. This particular habeas action challenged petitioner's 2008 state judgment of conviction. To the extent, if any, that petitioner *arguendo* may challenge the particular disciplinary conviction in question in a federal habeas proceeding, he, *inter alia*, must appropriately exhaust his state judicial remedies through to the Supreme Court of Nevada as to such a claim prior to bringing a – new and separate – federal habeas proceeding challenging the disciplinary conviction. He may not pursue any such challenge to the disciplinary conviction in this action, which was directed to the 2008 judgment of conviction and which has been closed by a final judgment. Petitioner's conclusory assertion that he will sustain irreparable injury in the interim is frivolous and in any event begs the question, as this proceeding simply is not the proper proceeding for petitioner to pursue a challenge to the disciplinary conviction.

---

[1] Under major violation MJ48 of the Nevada state corrections department's administrative regulations, a major violation may be committed by the following:

> Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes.

1  The Court expresses no opinion otherwise as to any issues pertaining to petitioner's challenge to the disciplinary conviction, including as to which particular state or federal proceedings might provide an appropriate vehicle for such a challenge. The Court holds only that the present proceeding is not an appropriate vehicle for such a challenge.

### *Consideration of Possible Issuance of a COA*

The Court will consider possible issuance of a certificate of appealability (COA) on an *arguendo* assumption that a COA would be required in this particular procedural context.

With deference to the final authority of the Court of Appeals with regard to matters concerning its jurisdiction, the notice of appeal (#18) clearly is untimely. The notice seeks to appeal the order (#15) denying petitioner's motion for reconsideration. That order was entered on September 18, 2012. The notice of appeal was not mailed for filing until on or after November 8, 2012. Given that the notice of appeal was not constructively filed until more than thirty days after entry of the order in question, the notice of appeal is untimely.

The Court therefore will deny a COA as to the untimely appeal. Jurists of reason in any event would not find the order to be debatable or wrong, given that the prison law library mail log demonstrated that petitioner based the motion for reconsideration on a false statement to the Court.

IT THEREFORE IS ORDERED that the motion (#17) for an emergency temporary restraining order is DENIED.

IT FURTHER IS ORDERED that a certificate of appealability (COA) is DENIED as to the notice of appeal (#18) filed on November 14, 2012. The Clerk shall clearly note the denial of a COA in the docket entry for this order and shall forward a supplemental e-mail notice (NEF) of this order to the Court of Appeals.

This action has been, and remains, closed.

DATED this 15th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge